### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES B. ASHMEN, JR.**<br>16 Dare Lane<br>Sewell, NJ 08080 | Civil Action<br><br>Docket No.: *3:17-cv-104* |
| Plaintiff | |
| v. | |
| **BIG BOULDER CORPORATION** d/b/a<br>JACK FROST/BIG BOULDER SKI<br>RESORTS<br>434 Jack Frost Mountain Road<br>White Haven, PA 18661<br>and<br>**JFBB SKI AREAS, INC.** d/b/a JACK<br>FROST/BIG BOULDER SKI RESORTS<br>434 Jack Frost Mountain Road<br>White Haven, PA 18661<br>and<br>**PEAK RESORTS, INC.**<br>17409 Hidden Valley Drive<br>Wildwood, MO 63025<br>Defendants. | |
| | **ELECTRONICALLY FILED** |

### COMPLAINT AND JURY DEMAND

Plaintiff, by and through his attorneys, submits the following Complaint and in support

thereof aver as follows:

### INTRODUCTORY STATEMENT

1.   Plaintiff brings this action against Defendants due to their negligent, grossly negligent

and/or reckless conduct in the ownership, maintenance and/or operation of what is

commonly known as the "Big Boulder Ski Resort" in Blakeslee, Pennsylvania.

2.   As a result of Defendants' negligence, gross negligence and/or recklessness, Plaintiff

James B. Ashmen, Jr. suffered a severe accident on what was supposed to be a closed

snowboarding trail, when he collided with a snowmaking machine. As a result of the violent collision, Plaintiff suffered a severe leg fracture necessitating surgical fixation and resulting in permanent pain and loss of normal function.

**I.**   **PARTIES**

3.   Plaintiff, James B. Ashmen, Jr., is an adult citizen and a resident of the State of New Jersey residing at 16 Dare Lane, Sewell NJ 08080.

4.   Defendant Big Boulder Corporation d/b/a Jack Frost/Big Boulder Ski Resorts (hereafter "Big Boulder") is a Pennsylvania corporation with a principal place of business located at the above captioned address.

5.   At all times relative hereto, Defendant Big Boulder owned, operated, maintained and/or controlled what is commonly known the Big Boulder Ski Area in Blakeslee, Pennsylvania.

6.   Defendant JFBB Ski Areas, Inc., d/b/a Jack Frost Big Boulder Ski Resorts (hereafter "JFBB"), is a Missouri Pennsylvania corporation with a principal place of business located at the above captioned address.

7.   At all times material hereto, Defendant JFBB owned, operated, maintained and/or controlled what is commonly known the Big Boulder Ski Area in Blakeslee, Pennsylvania.

8.   Defendant, Peak Resorts, Inc. (hereafter "Peak Resorts"), is a Missouri Pennsylvania corporation with a principal place of business located at the above captioned address.

9.   At all times relevant hereto, Defendant Peak Resorts owned, operated, maintained, and/or controlled what is commonly known the Big Boulder Ski Area in Blakeslee, Pennsylvania.

10.   At all relevant times, the employees, agents, and staff members of all Defendants acted within the course and scope of their employment, and Defendants remain liable for their conduct, acts and/or omissions.

**II.**   **JURISDICTION AND VENUE**

11.  This Court has jurisdiction based upon the diversity of citizenship of the parties and requisite amount in controversy in excess of $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332.

12.  The negligence, gross negligence, recklessness and all liability producing acts and omissions referred to herein occurred at what is commonly known the Big Boulder Ski Area in Blakeslee, Pennsylvania. This resort is located in Carbon County, Pennsylvania, which is within this judicial district.

13.  Defendants can be served at the above captioned addresses.

14.  Federal Rule of Civil Procedure 4(e) allows a district court to assert personal jurisdiction over a non-resident to the extent allowed by the law of the State in which it sits.

15.  Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States." 42 PA. CONS. STAT. ANN. § 5322(b).

16.  Pennsylvania's long-arm statute "extends jurisdiction to anyone who causes harm or tortious injury, intentionally or not, in Pennsylvania, through acts or omissions outside Pennsylvania."

17.  Defendants have sufficient minimum contacts with Pennsylvania, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

18.  General jurisdiction is based upon the Defendants' continuous and systematic contacts with Pennsylvania.

19.  Specific jurisdiction is also appropriate.

20.  Plaintiff was injured in Pennsylvania on January 24, 2015.

21.  Plaintiff's cause of action arises out of each of Defendants' forum-related activities.

3

22.  Each non-resident Defendant purposefully directed its activities at the forum by either forming or affiliating with a business entity in Pennsylvania, and by managing or operating a Pennsylvania based ski/snowboarding resort that was the cause of Plaintiff's injuries.

23.  Because the Plaintiff's claim is related to and arises out of the non-resident Defendant's contacts with Pennsylvania, this Court has jurisdiction over this mater and all Defendants.

24.  Defendants' contacts with this Commonwealth are sufficiently continuous or systematic to subject them to general jurisdiction here.

25.  Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) as the events giving rise to this claim occurred with this judicial district, all of the adverse parties are diverse and Defendants are all subject to personal jurisdiction in this judicial district.

## III.  FACTUAL AVERMENTS

26.  Plaintiff incorporates by reference herein the allegations contained above.

27.  On January 23rd, 2015, James B. Ashmen, Jr. and his friends travelled from their homes in New Jersey to what is commonly known as Jack Frost/Big Boulder Ski Resort in Blakeslee, PA.

28.  On the morning of January 24, 2015, Mr. Ashmen and his friends began the day by snowboarding various trails located at Jack Frost Ski Resort.

29.  After several hours of snowboarding without incident, Mr. Ashmen and his friends then returned to their cabin and had dinner.

30.  After dinner, Mr. Ashmen and his friends travelled to what is commonly known as Big Boulder Mountain. They arrived at approximately 7:30-8:00 p.m.

31.  Prior to that time, Mr. Ashmen had never snowboarded at the Big Boulder resort.

32.  After arriving at the Big Boulder resort, Mr. Ashmen travelled to the ski lift and, ultimately, to the top of the mountain.

4

33. Mr. Ashmen then participated in several snowboarding runs on trails located at Big Boulder without incident.

34. Following those runs, Mr. Ashmen travelled to another trail commonly known as "Snowdrift".

35. The trail appeared in every way to be open to patrons.

36. Mr. Ashmen then began his snowboarding run and, as he traveled, came upon a plateau located along the trail.

37. As Mr. Ashmen travelled over the plateau, he suddenly observed what appeared to be an inactive snow making machine positioned in the middle of the trail.

38. Instinctively, Mr. Ashmen lunged to his side, in order to attempt to prevent a collision, but that effort was unsuccessful and he severely struck his leg on the snow making machine.

39. Still strapped to his snowboard on the ground and unable to move, Mr. Ashmen was in severe pain and began screaming for help.

40. Mr. Ashmen remained on the trail in that position for approximately ten to fifteen minutes before the "ski patrol" arrived.

41. During their interactions with Mr. Ashmen, the ski patrol informed him that the Snowdrift trail was not supposed to be open. One member was heard to instruct another to have the trail closed.

42. Upon information and belief, prior to this accident, Defendants positioned and/or allowed to exist an idle snowmaking machine along the middle of a snowboarding trail which was not supposed to be open to patrons.

43. As further set forth below, Defendants' conduct prior to this accident was negligent, grossly negligent and/or in reckless disregard of Plaintiff's safety.

44. As further set forth below, Defendants knew or had reason to know that their conduct created

an unreasonable risk of physical harm to another which was known to them or should have been known to be highly probable, and they acted with a conscious indifference to the consequences of their actions and inactions.

45. Defendants knew or had reason to know that a snowboarder coming down a trail in high speed would be in peril of suffering physical injury if the trail was not free and clear of commercial machinery, and despite this grave risk, they placed, or permitted to exist, an idle snowmaking machine on the middle of a trail which was supposed to be closed.

46. As a result of this accident, Plaintiff severely fractured his lower leg, which required corrective surgery, his hips were bruised, his head and back were injured, and he sustained other significant injuries.

47. As the proximate result of the Defendants' negligence, gross negligence and/or reckless, Plaintiff suffered and will continue to suffer from bodily injuries, emotional distress, and economic losses.

48. As the proximate result of the Defendants' negligence, gross negligence and/or reckless, Plaintiff has been harmed and will continue to suffer physical, emotional and economic losses as result indefinitely into the future.

## COUNT I – NEGLIGENCE

## PLAINTIFF v. ALL DEFENDANTS

49. Plaintiff incorporates by reference the above paragraphs of the Complaint.

50. Defendants herein each owed Plaintiff a duty of care, as their business invitee, to remedy all hazards of which they knew or reasonably should have known through reasonable inspection and also had the duty to reasonably and safely design, operate and maintain their resort, and specifically the Snowdrift trail, in a way which was safe for patrons.

6

51.   Defendants, individually and/or jointly, breached their respective duties to the Plaintiff.

52.   A snow making machine that is positioned on a plateau in the middle of a snowboarding trail which was supposed to be closed is not an inherent risk associated with snowboarding.

53.   At all times relevant hereto, the negligence and carelessness of the Defendants, by and through their agents and employees then working within the scope of their agency and/or employment, includes, but is not limited to:

    (a)   failing to reasonably design, construct, and/or maintain the subject trail;

    (b)   failing to properly inspect the subject trail to determine if it was safe for patrons;

    (c)   failing to close or shut down the trail due to unsafe conditions;

    (d)   failing to provide a safe snowboarding trail;

    (e)   failing to alert, warn or notify Plaintiff of the trail's closure and/or the snow making machine positioned in the middle of the trail; and

    (f)   failing to correct/remedy the dangerous conditions that were unknown, concealed, or not apparent to the Plaintiff, or which could not be avoided by the Plaintiff as he descended the hill.

    (g)   Positioning and/or allowing to exist the snow machine equipment in the middle of a snowboarding trail.

    (h)   Positioning and/or allowing to exist the snow machine equipment in the middle of a snowboarding trail which was supposed to be closed to patrons.

54.   As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff, James B. Ashmen, Jr. was caused to suffer severe and permanent disabling injuries to his body and extremities including, but not limited to, a lower leg fracture, and various other ills and injuries

together with great mental anguish and physical pain and suffering, from which he has suffered, yet suffers, and will continue to suffer for an indefinite time into the future, all or some of which injuries are permanent in nature and caused by the negligence of the Defendants.

55. As a direct and proximate result of the negligence of the Defendants, Plaintiff, James B. Ashmen, Jr., has been compelled, in order to attempt to affect a cure of the aforesaid injuries, to expend various sums of money, for medicine and medical attention, and will be required to expend such sums of money for an indefinite period of time into the future.

56. As a further direct and proximate result of the negligence of the Defendants, Plaintiff, James B. Ashmen, Jr., has been and may continue to be prevented from attending to his usual duties, activities, and avocations and has suffered and will continue to suffer into the future, a loss of earnings and earning capacity, to his great financial detriment and loss.

57. As a further direct and proximate result of the negligence of the Defendants, Plaintiff, James B. Ashmen, Jr. has suffered a loss of the enjoyment of life's pleasures.

   **WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in excess of $75,000, which will fairly compensate Plaintiff in accordance with the laws of Pennsylvania together with punitive damages, and any other relief deemed appropriate by the Court.

## COUNT II – GROSS NEGLIGENCE/RECKLESSNESS

## PLAINTIFF v. ALL DEFENDANTS

58. Plaintiff incorporates by reference the above paragraphs of the Complaint.

59. Defendants herein each owed Plaintiff a duty of care, as their business invitee, to remedy all hazards of which they knew or should have known through reasonable inspection and had a duty to reasonably and safely design, operate and maintain the subject Snowdrift trail, and their

resort, in a way that maintained the safety of their patrons.

60. Defendants had a duty not to act in wanton disregard of Plaintiff's safety.

61. Defendants, individually and/or jointly, breached those respective duties to the Plaintiff.

62. A snow making machine that is positioned on a plateau in the middle of a snowboarding trail which was supposed to be closed is not an inherent risk associated with snowboarding.

63. At all times relevant hereto, the gross negligence and/or reckless of the Defendants, by and through their agents and employees then working within the scope of their agency and/or employment, includes, but is not limited to:

  (a)    failing to safely design, construct, and maintain the subject trail when they knew or should have known of the extreme danger to patrons;

  (b)    failing to inspect the subject trail to determine if it was safe for patrons when they knew or should have known of the extreme danger to patrons;

  (c)    failing to close or shut down the trail due to unsafe conditions when they knew or should have known of the extreme danger to patrons;

  (d)    failing to provide a safe snowboarding trail when they knew or should have known of the extreme danger to patrons;

  (e)    failing to alert, warn or notify Plaintiff of the trail's closure and/or the snow making machine positioned in the middle of the trail when they knew or should have known of the extreme danger to patrons; and

  (f)    failing to correct/remedy the dangerous conditions that were unknown, concealed, or not apparent to the Plaintiff, or which could not be avoided by the Plaintiff as he descended the hill when they knew or should have known of the extreme danger to patrons; and

(g)   Positioning and/or allowing to exist the snow machine equipment in the middle of a snowboarding trail when they knew or should have known of the extreme danger to patrons; and

(h)   Positioning and/or allowing to exist the snow machine equipment in the middle of a snowboarding trail which was supposed to be closed to patrons when they knew or should have known of the extreme danger to patrons.

64.   As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff, James B. Ashmen, Jr. was caused to suffer severe and permanent disabling injuries to his body and extremities including, but not limited to, a lower leg fracture, and various other ills and injuries together with great mental anguish and physical pain and suffering, from which he has suffered, yet suffers, and will continue to suffer for an indefinite time into the future, all or some of which injuries are permanent in nature and caused by the negligence of the Defendants.

65.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, James B. Ashmen, Jr., has been compelled, in order to attempt to affect a cure of the aforesaid injuries, to expend various sums of money, for medicine and medical attention, and will be required to expend such sums of money for an indefinite period of time into the future.

66.   As a further direct and proximate result of the negligence of the Defendants, Plaintiff, James B. Ashmen, Jr., has been and may continue to be prevented from attending to his usual duties, activities, and avocations and has suffered and will continue to suffer into the future, a loss of earnings and earning capacity, to his great financial detriment and loss.

67.   As a further direct and proximate result of the negligence of the Defendants, Plaintiff, James B. Ashmen, Jr. has suffered a loss of the enjoyment of life's pleasures.

*WHEREFORE*, Plaintiff demands judgment against all Defendants, jointly and severally, in excess of $75,000, which will fairly compensate Plaintiff in accordance with the laws of Pennsylvania together with punitive damages, and any other relief deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully Submitted,

s/Lee D. Rosenfeld
**Messa & Associates, P.C.**
**By: Lee D. Rosenfeld, Esquire**
**Attorney I.D. No.: PA76081**
**By: Jennifer Gomez Hardy, Esquire**
**Attorney I.D. No.: PA317203**
**123 South 22nd Street**
**Philadelphia, PA 19103**
**(215) 568-3500/Fax (215) 568-3501**
**Attorneys for Plaintiff**
ldr@messalaw.com
jgomezhardy@messalaw.com

Date: January 18, 2017